Filed 9/3/21  P. v. Williams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077024 |
| v. | (Super.Ct.No. CR36149) |
| PLUMMER WILLIAMS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Plummer Williams, Jr., in pro. per., and Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Plummer Williams, Jr., filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the superior court denied. After defense counsel filed a notice of appeal, this court appointed counsel to represent him.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a statement of the facts, and identifying one potentially arguable issue: whether the court erred in denying defendant's petition. Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant essentially contends insufficient evidence supported his conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

The victim was killed while visiting Willie Dyas and his wife. Also at the Dyas's residence were defendant and his girlfriend. The cause of death was strangulation, which was achieved by means of a belt, twisted around the victim's neck and tied to a hammer behind her back. Before the victim died, she was beaten on the head with the hammer. After she died, a mascara tube was shoved up her rectum. The murder followed a robbery, in which a small amount of money and drugs were taken from the victim. The body was discovered in the Dyas's residence after defendant reported the crime to his parole officer. (*People v. Dyas et al.*, *supra*, E009678.)

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On our own motion, we take judicial notice of the nonpublished opinion in defendant's original judgment. (*People v. Dyas et al.* (Jan. 12, 1993, E009678) [nonpub. opn.]; see Evid. Code, § 459.) We derive much of our factual recitation from the opinion in that matter.

Defendant admitted in an interview that he had tied the ankles of the victim and described the manner in which he had done so. (*People v. Dyas et al.*, *supra*, E009678.) He also admitted looking through the victim's duffel bag for either money or a gun. (*Ibid.*)

The People charged defendant by amended information with murder (§ 187, count I) and robbery (§ 211, count II). They also alleged robbery-murder and torture-murder special circumstances. (§ 190.2, subd. (a)(17)(i), (a)(18).) The People additionally alleged defendant had suffered three prior prison terms. (§ 667.5, subd. (b).)

Willie testified that defendant agreed to rob the victim; grabbed her purse, held her down, tied her ankles, and choked her with a rope or string; went through the contents of the purse with Willie, pulled down the victim's pants, and split the cocaine found in her purse with Willie; and agreed to get a truck to dispose of the victim's body.[3] (*People v. Dyas et al.*, *supra*, E009678.) Defendant's girlfriend testified she observed defendant rummage through the contents of the victim's duffel bag. (*Ibid.*)

With respect to the robbery-murder special circumstance allegation, the jurors were instructed, "'If you find beyond a reasonable doubt that the defendant was an aider-abettor [as opposed to the actual killer], then you must also find beyond a reasonable doubt that the defendant, *with intent to kill*, aided and abetted an act . . . in the

_____

[3] However, at some earlier point, Willie admitted that he, rather than defendant, forced the victim to the ground, beat her with his fists, struck her with a hammer, stabbed her with scissors, twisted the belt around her neck and tightened it with the hammer, and stuck the mascara tube up her rectum. Willie also admitted he lied when he initially told the police that defendant killed the victim.

3

commission of the murder in the first degree in order to find the special circumstance to be true.'" (*People v. Dyas et al.*, *supra*, E009678.) With respect to the torture-murder special circumstance allegation, the superior court instructed the jury that it could not find that allegation to be true unless it found that "'the defendant intended to kill, or with intent to kill, aided and abetted in the killing of the human being . . . .'" (*Ibid*.)

On May 2, 1991, the jury convicted defendant of first degree murder (§ 187, count I) and first degree robbery (§ 211, count II). The jury additionally found true the robbery-murder and torture-murder special circumstances. (§ 190.2, subd. (a)(17)(i), (a)(18).) Defendant admitted the truth of the three prior prison term enhancements. (§ 667.5, subd. (b).) The superior court sentenced defendant to life imprisonment without the possibility of parole and a consecutive, determinate term of seven years.

Defendant appealed the judgment and filed a petition for writ of habeas corpus, which was considered with the appeal. (*People v. Dyas et al.*, *supra*, E009678.) In the petition, defendant contended his defense counsel provided constitutionally ineffective assistance of counsel by failing to object to the admission of his statement that he had tied the ankles of the victim and his description of the manner in which he did so. (*Ibid*.) This court held that a reasonable finder of fact could have concluded that prior to making these statements, defendant invoked his right to remain silent;[4] thus, defense counsel's failure to seek to exclude the statements "fell below an objective standard of reasonableness" "under prevailing professional norms." (*Strickland v. Washington*

---

[4] Although this court noted, "[b]ecause it is a factual issue, we do not finally decide it at this procedural juncture." (*People v. Dyas et al.*, *supra*, E009678.)

4

(1984) 466 U.S. 668, 688; see *People v. Dyas et al.*, *supra*, E009678.) However, because this court concluded that admission of the statement was not prejudicial, this court denied the petition. (*People v. Dyas et al.*, *supra*, E009678.)

In his appeal, defendant contended that (1) the superior court erred by not instructing the jury on duress, (2) it erred in its instruction on aiding and abetting, (3) insufficient evidence supported the torture-murder special circumstance, (4) the court's allowance of his restraint in leg shackles during trial was prejudicial, (5) his sentence on the robbery must be stayed, and (6) he was entitled to the award of additional custody credits. (*People v. Dyas et al.*, *supra*, E009678.) This court modified the judgment by staying execution of the sentence on the robbery conviction and increasing his total custody credits but otherwise affirmed. (*Ibid*.) As to the torture-murder special circumstance, this court noted: "By its findings, the jury . . . twice indicated that it had considered the specific issue of [defendant's] intent, and had concluded that his actions were not only intentional, but also were taken with the intent of facilitating the killing of the victim."[5] (*Ibid*.)

On January 28, 2019, defendant filed a petition for resentencing pursuant to section 1170.95 in the superior court. The People filed a response, in which they contended, in part, that defendant was not entitled to the relief requested because he aided

_____

[5] This court declined to reach the merits of defendant's contention that insufficient evidence supported the torture murder special circumstance because "the modification of the judgment to eliminate that finding would change neither the crimes of which he was convicted nor the penalty which he received." (*People v. Dyas et al.*, *supra*, E009678.)

5

and abetted in the murder with the intent to kill. Defense counsel filed a reply, in which she objected to the superior court's consideration of the opinion from this court. (*People v. Dyas et al.*, *supra*, E009678.) The People later filed a request that the superior court summarily deny defendant's petition on that basis that the jury had necessarily found that defendant had the intent to kill.

At the hearing on defendant's petition, the People noted, "there are two special murder circumstances that the jury found true and both of them required intent to kill, express intent to kill." The superior court summarily denied the petition.

## II. DISCUSSION

Defendant contends the evidence was insufficient to support his convictions. Defendant was prima facie ineligible for section 1170.95 relief.

The jury found true two special-murder circumstances, both of which required that it find that defendant acted with the intent to kill. (*People v. Lewis* (2021) 11 Cal.5th 952, 967 ["Senate Bill 1437 was enacted 'to ensure that murder liability is not imposed on a person who . . . did not act with the intent to kill . . . .'"].) Therefore, since the jury determined defendant acted with an intent to kill, he was not entitled to relief pursuant to section 1170.95.

Moreover, a jury's special circumstance finding shows, as a matter of law, that a defendant could still be convicted of murder, thus, preventing a defendant from making a prima facie case that he is eligible for resentencing under section 1170.95. (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1137, 1141, review granted Oct. 14, 2020, S264284 ["Because a defendant with a felony-murder special circumstance could still be convicted

6

of murder, he is ineligible as a matter of law to have his murder conviction vacated."]; accord, *People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854 ["A defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law."].) The trial court properly denied defendant's petition.

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                            Acting P. J.

We concur:


SLOUGH
                    J.


MENETREZ
                    J.

7